[No. 788. Decided May 12, 1893.]

HENRY S. ALGER, *Appellant*, v. ALICE S. HILL, *Erecu‾ trix*, AND J. VANCE LEWIS, *Respondents*.

PUBLIC LANDS — ENTRY WITHIN CORPORATE LIMITS — KNOWLEDGE OF ENTRYMAN.

Under the act of congress of March 3, 1877 (19 St. at Large, p. 392), where entry had been regularly made upon vacant unoccupied land of the United States, within the limits of an incorporated town, which was not settled upon, nor used for municipal purposes, and such land was afterwards ascertained to be within the corporate limits of a town, it was the duty of the secretary of the interior to issue a patent therefor to the entryman, regardless of knowledge on the entryman's part that such land was within the corporate limits. (HOYT, J. dissents.)

*Appeal from Superior Court, King County.*

*Struve & McMicken,* and *Hughes, Hastings & Stedman,* for appellant.

*Junius Rochester,* for respondents.

The opinion of the court was delivered by

STILES, J.—We see no reason for not adhering to the conclusion arrived at in this case when it was here before. *Alger v. Hill,* 2 Wash. 344 (27 Pac. Rep. 922). Upon the trial of the case the learned judge of the superior court seems to have proceeded upon the theory that our decision upon the former appeal was based solely on the action of the land officers in concluding that Minnick had knowledge that his land was within the corporate limits of the city of Seattle, because he was marshal of that town; and as, at the trial, the production of the secretary's decision showed that there were other facts before him which tended very strongly to show that Minnick did know that the boundaries of the city, as fixed by the territorial statute of 1869, included his land, the judgment of the court was in respondents' favor. But it was the intention of this court to express in the former decision that in its view the act of 1877 did not depend upon the knowledge of the entry-man, but upon the ascertainment that the land was within corporate limits by the land officers. That part of the opinion found on pages 350–1 was devoted to that subject and terminated in what would seem to be a clear statement:

"To the entryman no knowledge of the law or the fact was imputed under this act; and tried by this interpretation, Minnick was entitled to have the benefit of its provision."

The history of the case, as appears from the record, is as follows: Minnick made his final proof and was allowed to enter the land May 4, 1875, and for all that appeared in the land office he would have received a patent in the due course of business. But at some subsequent date the city of Seattle sought to have this land and other similarly situated lands patented to it, and, to clear the record of the entries of Minnick and others, initiated a contest, the purpose of which was to show that its corporate limits in-

cluded all the tracts then in question. This contest was successful, for, although the right of the city to have patent was denied, it was in the course of the proceeding ascertained by the commissioner that Minnick's tract was within the limits of the city of Seattle, under its charter of 1869, and therefore not subject to entry, and his entry was ordered cancelled January 12, 1877. Sixty days were allowed for an appeal, and an appeal was duly taken. But before the expiration of the time for appeal even, and on March 3, 1877, the act of that date became operative.

Upon the appeal to the secretary his attention was called to the new act, and he was asked to order the patent upon the ground that the tract applied for included only vacant, unoccupied lands of the United States not settled upon or used for municipal purposes, nor devoted to any public use of a town. The facts found by the commissioner and reiterated by the secretary showed the land to be of the character intended by the act; and the refusal of the latter officer was in the following language:

"With reference to the entry of Minnick it will be observed that the section above quoted (§ 2, act March 3, 1877), confirms such entries only as have been allowed for land 'afterward ascertained' to be within the corporate limits of a town. The testimony in this case shows that during most of the period of Minnick's alleged residence on the land he was the marshal of the city of Seattle; that he voted in the city election in 1874, and exercised all of the rights and privileges claimed and exercised by other citizens of the city. His authority as marshal was confined to the corporate limits of the city, and it was impossible for him not to have known as a matter of fact that the land claimed by him was within the city limits. This section was not intended to confirm entries made within the corporate limits of a city by a person who had full knowledge of the fact that the lands were so situated at the time the entries were made, and said entry does not fall within the remedial provisions of the section, and is not confirmed."

Considering what an incorporated town is, we think it may well be doubted whether any man ever proceeded so far with an application for patent for government land, as the making of his final proof and the allowance of entry, without finding out to a legal and moral certainty whether or not he was within corporate limits.  To presume such cases would be to convict the land locators of this country of a degree of ignorance and stupidity which the facts do not warrant.  And to assume that congress was legislating for such people alone as neither knew nor could learn anything about the relations of the land they lived on to their nearest town, would doubtless startle that body by the novelty of the proposition.  Yet the act of 1877 was intended to benefit somebody, and to confirm some entry canceled because afterward ascertained to be embraced within corporate limits, and if there could be a case for the operation of that law where the entryman was a man of any degree of intelligence, the case at bar must be one.

We hold that the land was "ascertained" to be within the corporate limits of Seattle by the commissioner's decision of January 9, 1877, long after the entry; and that, inasmuch as the entry was conceded to have been in all other respects regular, it was the duty of the secretary to order a patent to issue to Minnick when the case came before him.  The fact that a cancellation had been ordered by the commissioner cuts no figure.  In every case of entries made upon land afterwards ascertained to be not subject to entry, the necessary result is a cancellation of the entry; but this act passed over all cancellations and confirmed the entries wherever there were no intervening rights, and the lands were of the class provided for.

Judgment reversed, and remanded for a new trial in accordance with this opinion.

DUNBAR, C. J., and ANDERS and SCOTT, JJ., concur.

HOYT, J. (*dissenting*).—I dissent. The proofs show clearly that the secretary of the interior found as a fact that Minnick had full knowledge that the land was within the corporate limits of the city of Seattle at the time he made entry thereof, and this being so, for the reasons given by me when the case was here before, I think that he was not entitled to any of the benefits of the curative statute of March 3, 1877, and that the action of the land department in refusing to allow his entry was correct, and he should be allowed to assert no rights by virtue thereof against the patent under which the respondents hold.